**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA PAGE, | No. C 03-0205 PJH (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE** |
| v. | |
| M. YARBOROGH, Warden, | |
| Respondent. / | |

**INTRODUCTION**

Petitioner Dana Page filed a petition in this court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The court ordered respondent M. Yarborogh, Warden, to show cause why the writ should not be granted. Respondent filed a motion to dismiss on grounds the petition is barred by the statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Petitioner did not file an opposition, although his motion for an extension of time to do so had been granted. The motion to dismiss was granted and judgment entered for respondent. Thereafter, petitioner moved for reconsideration of the court's order because owing to a clerical error he had not received the court's order extending the time for him to file an opposition until after that time had expired, and he thus was unable to oppose the motion. Along with his motion for reconsideration he filed his opposition to the motion to dismiss. The court granted the motion for reconsideration and the judgment was vacated. Thereafter, petitioner filed an amended opposition to respondent's motion to dismiss, respondent filed a reply and petitioner filed a response to the reply. For the reasons discussed below, the court GRANTS respondent's motion and hereby DISMISSES the action WITH PREJUDICE.

# BACKGROUND

Petitioner, a California state prisoner who is proceeding pro se, pled guilty in 1989 to a charge of first degree murder with use of a firearm, a violation of California Penal Code sections 187 and 245(a)(2). *See* Respondent's Motion to Dismiss ("MTD"), Ex. B at 1. As noted in this court's prior order dismissing the petition, the trial court sentenced him to thirty-seven years to life in state prison. Petitioner appealed the judgment of conviction, and direct review was completed in 1990. Petitioner filed many habeas petitions in the California courts before filing his federal habeas petition on January 14, 2003. *See* September 9, 2004 Order Granting respondent's Motion to Dismiss ("Order"), Docket No. 28, at 2.

Respondent contends that the petition is barred by the statute of limitations set forth at 28 U.S.C. § 2244(d)(1) and that petitioner is entitled to neither statutory nor equitable tolling. *See* MTD at 1, 3-5.

# DISCUSSION

**A.     Petitioner's Pending Motions**

Petitioner has filed two motions that are pending before the court.

*1.     Motion to Modify Court Order*

Petitioner filed a motion, *see* Docket No. 40, to modify the court's order directing respondent to file a reply to petitioner's amended opposition to the motion to dismiss, *see* Docket No. 39. Petitioner asked the court to modify the order to allow petitioner to expand the record, and to require respondent to file a reply to the amended opposition within sixty days.

Petitioner's first request is DENIED as moot because the court granted petitioner's motion to expand the record in its order directing respondent to file a reply. *See* Docket No. 39. Petitioner's second request is DENIED as moot because respondent has filed a reply. *See* Docket No. 41.

*2.     Motion for Enlargement of Time*

Petitioner moved for an enlargement of time to file a response to respondent's reply. *See* Docket No. 42. Before the court ruled on this motion petitioner filed his response. *See* Docket No. 43.

The court GRANTS petitioner's motion and will, therefore, consider petitioner's response.

**B.  Respondent's Motion to Dismiss**

*1.  The Petition is Barred by the Statute of Limitations*

*a.  Background*

As noted above, petitioner was convicted of first degree murder and assault with a deadly weapon in 1989. Direct review of his appeal was completed in 1990 and he filed his federal habeas petition on January 14, 2003. *See* Order at 2.

*b.  Applicable Federal Law*

The statute of limitations is codified at 28 U.S.C. § 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *See id.* § 2244(d)(2).

Regardless of how old the challenged conviction might be, the one-year time limit does not start earlier than April 24, 1996; that is, a prisoner with a conviction finalized before April 24, 1996 had until April 24, 1997, to file his federal habeas petition. *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997); *see also Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (clarifying method of

3

calculating deadline).

   *c. Analysis*

Because petitioner's conviction was final before April 24, 1996, petitioner comes under the rule announced in *Beeler*, i.e., his federal petition was due on or before the AEDPA due date of April 24, 1997, absent tolling. The petition was filed on January 14, 2003, well after the April 24, 1997, deadline. His petition is, therefore, barred as untimely unless he is entitled to statutory or equitable tolling of the statute of limitations.

  *2. Petitioner is Not Entitled to Statutory Tolling*

   *a. Background*

The issue is whether petitioner is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because state collateral review proceedings were pending when AEDPA became effective. As outlined in this court's prior order of dismissal, petitioner filed his first state habeas petition in the Supreme Court of California on December 7, 1992, and it was denied on February 24, 1993. He then filed another state petition, this time in the California Court of Appeal, on April 12, 1993. It was denied on April 19, 1993. *See* Order at 2. Based upon a recent submission, respondent concedes that petitioner "has provided additional documentation . . . that he sent to the Alameda County Superior Court a petition for a writ of habeas corpus on April 22, 1997," that is, two days before the April 24, 1997, deadline for filing the instant petition. Reply at 2. The superior court denied this petition on July 2, 1997. *See id.* at 2. Then, on September 8, 1997, after the AEDPA statute of limitations had expired on April 24, 1997, he filed another petition in the California Court of Appeal. It was denied on January 30, 1998. He then filed another (successive) petition in the California Court of Appeal, on March 17, 1998; it was denied on July 24, 1998. He then filed a petition in the Supreme Court of California, on November 1, 1999, which was denied on January 25, 2000 as untimely. He subsequently filed three more petitions in the California Supreme Court, on April 4, 2000, July 25, 2001 and February 19, 2002, all of which were also denied as untimely. *See* Order, at 2; Reply at 2-3.

4

*b.     Applicable Federal Law*

Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit within which federal habeas petitions must be filed. *See* 28 U.S.C. § 2244(d)(2). The circumstances under which a state petition will be deemed "pending" for purposes of § 2244(d)(2) is a question of federal law. *See Welch v. Carey*, 350 F.3d 1079, 1080 (9th Cir. 2003) (*en banc*). An application for collateral review is "pending" in state court "as long as the ordinary state collateral review process is 'in continuance' – *i.e.,* 'until the completion of' that process." *Carey v. Saffold*, 536 U.S. 214, 219-220 (2002). In other words, until the application has achieved final resolution through the state's post-conviction procedures, by definition it remains "pending." *Id.* In California, this means that the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge, as long as the petitioner did not unreasonably delay seeking review. *See id.* at 222-226; *accord Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

However, the time between successive filings in the same court is not tolled. *See Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001). A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

*c.     Analysis*

The court finds that the federal petition is untimely. Reading the above cited authorities together, the statute of limitations would have been tolled until the California

5

Supreme Court rejected petitioner's final collateral challenge, provided that petitioner did not unreasonably delay seeking review. Petitioner filed a petition with the superior court of California on April 22, 1997, two days before the statute of limitations would have run. Thus, the statute began to toll when the superior court petition was filed, but once tolling ended, petitioner would have had only two days to file a timely federal petition. The superior court denied the petition on July 2, 1997, and petitioner did not file a federal petition within two days. Instead, petitioner filed his next petition in the California Court of Appeal on September 8, 1997, which denied it on January 30, 1998. Petitioner did not file with the California Supreme Court until November 1, 1999, a delay of nearly two years after his last petition was denied.[1] The California Supreme Court denied the 1999 petition with a citation in its order to *In re Robbins*, 18 Cal. 4th 770, 780 (1998), which at the page indicated stands for the proposition that undue delay is grounds for denying a state petition. If a state court clearly rules that the petitioner's delay was "unreasonable," that is the end of the matter. *See Carey*, 536 U.S. at 226. Accordingly, while the statute was tolled while petitioner pursued his state collateral remedies in the superior and appellate courts, because of the California Supreme Court's finding of unreasonable delay, petitioner is not entitled to statutory tolling for the period between the California Court of Appeal's denial of his petition and the filing of his petition in the California Supreme Court. As petitioner filed his federal petition well more than two days after the California Court of Appeal's denial, the instant petition is untimely.

    *3.    Petitioner is Not Entitled to Equitable Tolling*

        *a.    Background*

Petitioner contends that he is entitled to equitable tolling because he did not have access to the prison library for fifteen months and he did not timely receive his mail after he was moved to another prison. *See* Petitioner's Response to Respondent's Reply to Petitioner's Opposition and Amended Opposition to Motion to Dismiss ("Pet. Res.") at 1.

---

[1] Petitioner's March 17, 1998 petition to the California Court of Appeal was a successive filing in the same court and therefore cannot serve as a basis for tolling.

Petitioner also contends that he is entitled to tolling because he found new evidence that he received ineffective assistance of counsel during his plea negotiations and because prison officials took and destroyed petitioner's property in 1994. *See* Petitioner's Opposition to Motion to Dismiss ("Pet. Op.") at 1-2.

     *b.  Applicable Federal Law*

    The Supreme Court has never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005), but the Ninth Circuit has held that the one-year limitation period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. *See Calderon (Beeler),* 128 F.3d at 1288. Equitable tolling will not, however, be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.* (citation and internal quotation marks omitted).

    The Ninth Circuit has held that the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The petitioner must establish two elements in order to be granted equitable tolling: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Raspberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) (*quoting Pace*, 544 U.S. at 419). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034-1035 (9th Cir. 2005).

    The Ninth Circuit has held that a pro se petitioner's inability to access information about the statute of limitations deadline, when combined with the prisoner's lack of knowledge of the deadline, constitutes an "extraordinary circumstance" that warrants equitable tolling, provided the petitioner acted with due diligence. *Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006).

*c.   Analysis*

In support of his first claim, petitioner submitted memoranda from prison officials dating from late 1999 to 2002 stating that the prison library would be closed for various periods.  *See* Pet. Res., Ex. 3.  One memorandum declares that a state of emergency existed in petitioner's prison in November 1998, but does not indicate how long this state lasted nor whether or for how long petitioner was denied access to the prison library.  *See* Pet. Op., Ex. M-1.

Petitioner had many opportunities to file a federal petition, specifically, after the California Supreme Court and the California Court of Appeal denied his 1993 petitions and after the Alameda Superior Court denied his 1997 petition.  This fact, along with petitioner's submissions that cover one possible library closure in 1998, and intermittent library closures in 1999 to 2002, indicate that he did not pursue his rights diligently and that no extraordinary circumstance stood in his way.  Furthermore, he filed another petition with the California Court of Appeal in March 1998, which indicates to the court that petitioner had the time, ability and adequate access to legal materials to prepare and file a federal petition.  This is entirely unlike the situation in *Roy v. Lampert*, where that petitioner had no notice of AEDPA requirements because the prison law library was "woefully deficient."  465 F.3d at 967.  Here, petitioner does not make any such assertion and it appears that he had sufficient access and materials to properly file earlier than he did.

In support of the second claim, petitioner submitted a declaration by his trial counsel, dated August 14, 1992, filed "in support of the writ of habeas corpus" in which he states that he gave inadequate legal advice to petitioner.  *See* Petitioner's Opposition to Respondent's Motion to Dismiss, Ex. E at 1.  In support of the third claim, petitioner submitted a memorandum from prison officials, dated November 14, 1994, stating that petitioner's confiscated materials, which had been held for thirty days until the inmate paid the costs for shipping, were destroyed.  *See id.*, Ex. F-1.  The memorandum does not state what the exact materials were.

Petitioner fails to provide an explanation why he did not include in his 1993 petition –

8

1  and subsequent petitions – contentions based on evidence he acquired in 1992. Although
2  petitioner states that he did not receive this information until June 1993, *see* Pet. Op. at 3,
3  trial counsel's declaration is dated August 1992 and states that it is being submitted as part
4  of a petition for writ of habeas corpus, indicating that petitioner had knowledge of this
5  information in 1992. As to the third claim, even if his legal materials were destroyed in
6  1994 – an act which may have been caused in part by petitioner's failure to pay the
7  appropriate costs – petitioner bases his contention on the fact that he needed these
8  materials to support his claims of ineffective assistance of counsel, which, as just noted
9  above, he had notice of in 1992. The court finds that there is insufficient evidence to show
10 that petitioner pursued his rights diligently or that some extraordinary circumstance stood in
11 his way.

    Based on the foregoing, the court finds that petitioner has failed to show a causal connection between the grounds upon which he asserts a right to equitable tolling and his inability to file a federal habeas petition.

    Because petitioner is entitled to neither statutory nor equitable tolling of the statute of limitations, the court GRANTS the motion to dismiss.

## CONCLUSION

    The petition is DISMISSED WITH PREJUDICE. This order terminates docket numbers 40 and 42 and all other pending motions.

    The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: August 22, 2007

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.03\PAGE205.DSM2

9